UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAFAEL A. JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:12CV44 CAS |
| ) | (TIA) |
| JEFF NORMAN, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Petition of Rafael A. Jones for a Writ of Habeas Corpus under 28 U.S.C. § 2254. The case was referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b).

The Petition does not challenge Petitioner's underlying convictions and sentences for second degree domestic assault, interfering with arrest, and criminal non-support.[1] Instead, Petitioner contends in all four grounds that he is entitled to jail-time credit under Mo. Rev. Stat. § 558.031.[2] (Pet. 6-11, ECF No. 1) Respondent asserts that Petitioner's habeas claims should be dismissed because Petitioner has not exhausted his state remedies by filing a state habeas petition and because state jail-time credit determinations are not cognizable in federal habeas proceedings.

The undersigned agrees that Petitioner's claim regarding the state's failure to give him jail-time credit under Missouri law is not cognizable. "[I]t is not the province of a federal habeas court

---

[1] Petitioner acknowledges that he is challenging his underlying convictions in separate habeas petitions, 4:11CV1310 LMB and 4:10CV495 LMB. (Pl. Resp. to Def.'s Show Cause Order 1, ECF No. 17)

[2] Petitioner also mentions Mo. Rev. Stat. § 559.036.3 in his petition and related pleadings. This statute pertains to duration of probation – revocation and appears to have no relevance to Petitioner's current claim that the state court failed to give him jail-time credit.

to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). With regard to state statutes pertaining to jail-time credit, "the interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction." Travis v. Lockhart, 925 F.2d 1095, 1097 (8th Cir. 1991); see also Murphy v. Thompson, No. 4:05CV1062-DJS, 2008 WL 2859144, at *7 (E.D. Mo. July 23, 2008) ("The current prevailing view in this Circuit and District, however, appears to be that a claim based on the alleged misapplication of a state crediting statute, whether discretionary or mandatory, is not cognizable by a federal habeas court."); Priester v. Gammon, No. 04-CV-1748 RWS, 2007 WL 1892259, at *5 (E.D. Mo. June 29, 2007) ("Petitioner is challenging the state's application of § 558.031. Therefore, this ground is not cognizable in this federal habeas corpus proceeding.").

As such, the undersigned finds that the Petition for a Writ of Habeas Corpus should be denied. The Court does not believe a Certificate of Appealability should be issued in this matter, as the Petitioner cannot make a substantial showing that the issues are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). In addition, this Court will deny the pro se motions to retrieve evidence and ensure the accuracy of documents and recommend that the motion for summary judgment be denied as moot.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition of Rafael A. Jones, Sr. for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **DENIED.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability should not issue in this case.

**IT IS FURTHER RECOMMENDED** that Petitioner's Motion for Summary Judgment (Doc. No. 12) be **DENIED** as **MOOT.**

**IT IS HEREBY ORDERED** that Petitioner's *pro se* Motion to Retrieve Evidence (Doc. No. 18) and Motion under the Federal Rules of Evidence 404, 405, and 608 for Accuracy of Documents (Doc. No. 32) are **DENIED**.

The parties are advised that they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to timely file objections may result in a waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

        /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  9th   day of May, 2012.