UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAFAEL A. JONES, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-44 CAS |
| | ) | |
| JEFF NORMAN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on state prisoner Rafael A. Jones, Sr.'s action pursuant to 28 U.S.C. § 2254. This case was referred to United States Magistrate Judge Terry I. Adelman for report and recommendation on all dispositive matters and for final disposition on all non-dispositive matters, pursuant to 28 U.S.C. § 636(b).

On May 9, 2012, Judge Adelman filed a Report and Recommendation of United States Magistrate Judge which recommended that petitioner's petition for writ of habeas corpus and motion for summary judgment be denied. Judge Adelman further recommended that a Certificate of Appealability should not issue in this case. In the same Report and Recommendation, Judge Adelman ordered that petitioner's motion to retrieve evidence and motion under Federal Rules of Evidence 404, 4058, and 608 "for accuracy of documents" be denied.

Petitioner, who is proceeding pro se, filed timely objections to the Report and Recommendation, asserting: (1) that he "[did] not once in his habeas corpus application challenge Mo. Rev. State § 558.031.1," but rather he had asserted violations of Amendments I, II, IV, V, VI, VIII, XIV to the United States Constitution, as well as violations of the Missouri Constitution. See

Doc. 39 at 1; (2) that the Magistrate Judge's decision that petitioner cannot seek relief in federal court for claims about "[Mo. Rev. Stat. §§] 559.100.2 and 559.036.3, which is Courts [sic] exercized [sic] its discretion in crediting plaintiff-petitioner all his jail time and probation time both under [Mo. Rev. Stat. §§] 55930363 and 558.031.1" was erroneous. Id. at 2; (3) that the Magistrate Judge's decision to deny petitioner's "motion to retrieve evidence and for accuracy of documents" was incorrect because defendants "opened the door for this when they entered the computer and altered sentencing & judgment forms." Id. at 2; and (4) that "defendants [sic] acts of admissions by entering the computer [to] alter forms is completely admissible as evidence." Id. at 3.

      The Court has carefully reviewed petitioner's objections and the entire record of this matter. Following de novo review, the Court concurs with the recommendation of the Magistrate Judge. In his petition for habeas relief, petitioner is not challenging his underlying convictions and sentences, but rather he contends that he is entitled to jail-time credits under Mo. Rev. Stat. § 558.031.1 and/or § 559.036.3. The Court agrees with Judge Adelman that claims regarding jail-time credits under Missouri law are not cognizable claims in a federal habeas proceeding. The Eighth Circuit has held that "the interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction." Travis v. Lockhart, 925 F.2d 1095, 1097 (8th Cir.1991) (vacating district court's order denying habeas relief because that court erred in interpreting the Arkansas mandatory crediting statute on the merits). See also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to re-examine state-court determinations [of] state-law questions.").

As for petitioner's objections, contrary to his assertion in his first objection, petitioner did raise claims in his petition regarding his jail time credits under Mo. Rev. Stat. § 558.031.1.[1] In addition, petitioner has failed to show in his petition or other filings with the Court, how the state's determination and/or application of his jail-time credits violated the U.S. Constitution or other federal laws. As for petitioner's second objection, the Court finds this objection ambiguous and vague, and the Court concurs with Judge Adelman's treatment of petitioner's claims. Petitioner's objections to the Magistrate Judge's recommendations, objections Nos. 3 and 4, are overruled.

Petitioner also objected to the Magistrate Judge's decision regarding discovery and evidence, which are non-dispositive matters. This case was referred to Judge Adelman pursuant to 28 U.S.C. § 636(b) for final disposition of all non-dispositive matters. Under the applicable statute, a district court may reconsider a magistrate judge's decision regarding a non-dispositive pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." § 636(b)(1)(A). Petitioner has not shown that Judge Adelman's order denying his motions to retrieve evidence and "for accuracy of documents" was clearly erroneous or contrary to law. Petitioner's objections regarding Judge Adelmans's evidentiary and discovery rulings, objections Nos. 3 and 4, are overruled.

Finally, the Court also notes that in many of his filings with the Court it would seem petitioner was attempting to amend his habeas petition, or he believed that he had already amended his habeas petition to include civil and criminal claims against a number of defendants affiliated with the State of Missouri and the Department of Corrections. For example, petitioner referred to claims under the Federal Torts Claim Act, 28 U.S.C. § 1983, copyright laws, Racketeer Influenced and

---

[1]Petitioner cites to Mo. Rev. Stat. § 558.031.1 in all four grounds of his habeas petition.

Corrupt Organizations Act (RICO), for computer fraud, and for kidnaping.  See, e.g. Docs. 4, 23, 29 and 30.  These civil and criminal claims are not reviewable in a petition under 28 U.S.C. § 2254 for writ of habeas corpus.  "The essence of habeas corpus is an attack by a prisoner on the legality of his custody . . . ."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  See also Skinner v. Switzer, 131 S.Ct. 1289, 1293 (2011) ("habeas is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement.")(quoting Wilkinson v. Dotson, 544 U.S. 74, 81 (2005)).  The Court declines to review these claims at this time.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections to the United States Magistrate Judge's Report and Recommendation are **OVERRULED.**  [Doc. 39]

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge is **sustained**, **adopted** and **incorporated** herein.  [Doc. 37]

**IT IS FURTHER ORDERED** that Rafael A. Jones, Sr.'s Petition for Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2254 is **DENIED**.  [Doc.  1]

**IT IS FURTHER ORDERED** that petitioner's motion for summary judgment is **DENIED.** [Doc. 12].

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**, with no further action to take place herein.

**IT IS FURTHER ORDERED** that petitioner has not made a substantial showing of the denial of a constitutional right, such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that the issues presented were adequate to deserve encouragement

to proceed further, Miller-El v. Cockrell, 537 U.S. 322, 336 (2003), and therefore this Court will not issue a certificate of appealability.  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

      An appropriate judgment will accompany this order.


                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this   10th   day of July, 2012.